NO. 30409

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

LESLEY D. JOHNSON, Petitioner,

vs.

THE HONORABLE PAUL T. MURAKAMI, JUDGE OF THE FAMILY
COURT OF THE FIRST CIRCUIT, STATE OF HAWAI'I; and
P. SPENCER JOHNSON, Respondents.

ORIGINAL PROCEEDING
(FC-D No. 10-1-0437)

ORDER GRANTING PETITION FOR WRIT OF MANDAMUS
(By: Moon, C.J., Nakayama, Acoba, Duffy, and Recktenwald, JJ.)

Upon consideration of petitioner Lesley D. Johnson's petition for a writ of mandamus filed on April 1, 2010, the papers in support, and the respondents' answers, it appears that petitioner presented the respondent judge with evidence establishing jurisdiction and grounds for petitioner's divorce and with clear and convincing evidence that petitioner is terminally ill and that petitioner's divorce action could be abated by petitioner's death. The possible abatement of the divorce action constitutes: (1) good cause under HRS § 580-47(a) (2006) for granting petitioner a divorce and reserving jurisdiction over all other matters; (2) an exceptionally compelling circumstance for dissolving petitioner's marriage before deciding all other parts of the divorce; see Camp v. Camp, 109 Hawai'i 469, 477, 128 P.2d 351, 359 (App. 2006); and (3) a basis for bifurcating petitioner's divorce action under HFCR 42(b) to avoid prejudice.

Respondent P. Spencer Johnson's legal arguments against bifurcation and an immediate divorce are unavailing.

The respondent judge denied bifurcation and an immediate divorce by giving considerable weight to the respondent judge's belief that a "resolution of the entire divorce is possible without the necessity of bifurcation at this point" and that bifurcation and an immediate divorce "will likely lessen the

parties' incentive to engage in further negotiations to expeditiously reach a global resolution of all issues." However, the record of petitioner's divorce provides no support for the respondent judge's belief that an expeditious settlement of the divorce may be forthcoming. The respondent judge gave unfounded weight to settlement in denying petitioner an immediate divorce. The denial of an immediate divorce will be unreviewable on appeal from a final decree if the divorce action is abated. Therefore, petitioner is entitled to mandamus relief. See Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus is an extraordinary remedy that will issue where the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action. Where a court has discretion to act, mandamus will lie to interfere with or control the exercise of that discretion if the judge has committed a flagrant and manifest abuse of discretion.). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is granted. The respondent judge shall, by the end of business on April 27, 2010, enter, in FC-D No. 10-1-0437, a decree dissolving the marriage and reserving jurisdiction to determine all other matters.

DATED: Honolulu, Hawai'i, April 26, 2010.

2